## I. J. DUNN v. DOUGLAS COUNTY.

FILED JANUARY 23, 1901.  No. 9,339.

1. **Witness Before Grand Jury:** FEES. One subpœnaed to attend as a witness before a grand jury is not entitled to fees, merely because, in answer to the writ, he went to the court house or building in which the grand jury was sitting.

2. **Evidence:** VERDICT. Evidence examined, and *held* to sustain the verdict.

ERROR from the district court for Douglas county. Tried below before SLABAUGH, J. *Affirmed.*

*J. J. O'Connor* and *I. J. Dunn,* for plaintiff in error.

*Phil E. Winter, Howard H. Baldrige, George W. Shields* and *Elmer E. Thomas, contra.*

NORVAL, C. J.

The amount in controversy is $4. I. J. Dunn presented to the county board of Douglas county his claim for $10 as witness fees for attendance as a witness before the grand jury of said county in February, 1895. The county board audited the claim and allowed him for three days' attendance as a witness at the statutory rate of $2 a day. Dunn appealed to the district court, where, on a trial to a jury, a verdict was returned in his favor for $6, upon which judgment has been rendered. The case is before us on petition in error.

It is argued that the verdict and judgment are contrary to the evidence. A careful perusal of the record convinces us that this contention is not well founded. Mr. Dunn was subpœnaed to appear before the grand jury as a witness. In response to the command of the writ he went to the court house on five different days, but did not every day go to the room or place where the grand jury was sitting, nor did he report his presence to the foreman of that body, to the bailiff or to the county attorney. On two days the latter officers desiring Mr. Dunn's presence before the grand jury sought, but were unable to find him. For those two days the trial jury were justified in not allowing him witness fees. One subpœnaed to attend as a witness before a grand jury does not perform his full duty by merely going to the court house, especially in a county like Douglas, where several divisions of the court are in session at the same time, but should go to the room or place where the grand jury is in session and report to the bailiff in charge, the foreman or the county attorney. It is disclosed that the business of the grand jury was delayed two days on account of the absence of Mr. Dunn. The verdict is not only justified by the evidence, but would have sustained no other finding. For the same reason there was no reversible error in the giving and refusing of instructions.

AFFIRMED.